# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BETHANY P. VANECH,<br><br>      Plaintiff,<br><br> v.<br><br>FCA US, LLC, and<br>ELMWOOD AUTO GROUP, INC.<br><br>      Defendants. | C.A. No. 1:25-cv- |

For her Complaint, Plaintiff Bethany P. Vanech, by and through her undersigned counsel, states as follows:

## INTRODUCTION

1. Plaintiff, Bethany P. Vanech ("Plaintiff"), brings this lawsuit on behalf of herself as a lessee of a defective 2023 Jeep Grand Cherokee Overland 4x4 vehicle (generally the "Vehicle") marketed, distributed, leased, sold, warranted, and serviced by Defendant FCA US, LLC. ("Jeep") and Defendant Elmwood Auto Group, Inc. ("Elmwood Auto").

2. Plaintiff was damaged because the Vehicle contained a computer code error that rendered the Vehicle undriveable for at least 4 months, during which time the Vehicle was in the exclusive custody of Elmwood Auto.

3. At all relevant times, Jeep and Elmwood Auto knew that the Vehicle contained one or more design and/or manufacturing defects that can cause the Vehicle to become undriveable (the "Code Defect" or the "Defect").

4. On September 8, 2025, Jeep announced a recall for the Vehicle for the Code Defect. The recall impacts 91,787 vehicles. According to a news article, by August 18, 2025, Jeep had "identified 96 customer assistance records, 320 service records, and 110 field reports, potentially related to this issue." The Code Defect makes the car undriveable and as of at least September 26, 2025, Jeep had not

been able to figure out how to fix the Code Defect. https://finance.yahoo.com/news/stellantis-issues-recall-91-787-165752526.html?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAALgZCZx9i-_Q26x2QPA0CnuqWK54zSBDPttgkLcb7A4sBSFLSe-ytGFQDRdBWWi0eljLVCt5IvOceSuz_e8-Uegn6KST-_lTB9Sp9_15EdLXD-9FqCtPdXgHD1jwTcUj7ihRebHwKXxFJ1ct0vAxCmobg1aEEzFIiVWbVFDhbnTQ (last accessed October 17, 2025).

5. According to the news article: "The defect in question could pose a significant safety risk, as an unexpected loss of propulsion could result in a vehicle crash without warning."

6. According to the news article, "Fiat Chrysler Automobiles (FCA) US first received a preliminary information request from the NHTSA's Office of Defect Investigations on 1 May 2025."

7. Had Plaintiff known about the Code Defect, she would not have leased the Vehicle.

8. As a result of her reliance on Jeep and Elmwood Auto's omissions and/or misrepresentations, Plaintiff, as lessee of the Vehicle, has suffered ascertainable loss of money, property, and/or loss of use and value of her Vehicle.

9. Plaintiff has given Jeep and Elmwood Auto a reasonable opportunity (at least 4 months) to cure the Code Defect, but Jeep and Elmwood Auto have been unable to do so within a reasonable time.

10. Jeep's and Elmwood Auto's conduct constitutes a breach of express and implied warranties under the federal Magnuson-Moss Warranty Act.

11. As a remedy for Jeep's and Elmwood Auto's unlawful conduct, Plaintiff seeks a full refund and additional damages from Jeep and Elmwood Auto.

## PARTIES

12. Plaintiff Bethany P. Vanech ("Mrs. Vanech"), is an adult individual residing in North Kingstown, Rhode Island.

13. Defendant FCA US, LLC. is a Delaware limited liability company with a principal place of business at 1000 Chrysler Drive, Auburn Hills, Michigan 48326.

14. Defendant FCA US, LLC through its various entities, designs, manufactures, markets, distributes, services, repairs, sells, and leases passenger vehicles, including the Vehicle, nationwide. Defendant FCA US, LLC, is the warrantor and distributor of the Vehicle in the United States.

15. Defendant Elmwood Auto Group, Inc. is a Rhode Island licensed car dealership which markets, distributes, services, repairs and leases passenger vehicles, including the Vehicle. Elmwood Auto Group offers the manufacturer and other warranties to lessees and purchasers of vehicles, including the Vehicle.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff presents a claim under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

17. Personal jurisdiction and venue are proper in this District as FCA US, LLC does substantial business in the State of Rhode Island, is registered to and is doing business within the State of Rhode Island, and otherwise maintains requisite minimum contacts with the State of Rhode Island. In addition, Plaintiff purchased her subject vehicle in this District and sought repairs regarding the defect at issue in this action within this District.

18. FCA US, LLC distributes the defective vehicles in this judicial District and receives substantial compensation and profits from the sale and lease of the defective vehicles in this judicial District, and it has and continues to conceal and make material omissions in this judicial District so as to subject it to personal jurisdiction in this judicial District.

19. Elmwood Auto Group, Inc. is a Rhode Island corporation with a principal office at 625 Taunton Avenue, East Providence, Rhode Island 02914. Moreover, Elmwood Auto Group does most if not all of its business in Rhode Island.

20. Venue is also proper in this District because significant and material aspects of the transactions relating to Plaintiff's lease of her defective Vehicle occurred within and were otherwise connected to this judicial District.

## BETHANY P. VANECH'S INDIVIDUAL ALLEGATIONS

21. On November 4, 2023, Mrs. Vanech leased a brand new 2023 Jeep Grand Cherokee Overland 4x4, Vehicle Identification Number 1C4RJYD60P8884034 (hereinafter specifically the "Vanech Vehicle"), from Elmwood Auto in East Providence, Rhode Island, Jeep's authorized dealer. Elmwood Auto accepted Mrs. Vanech's prior vehicle and provided a trade-in allowance of $26,015.00 and the lease was agreed to with payments of $678.60 per month.

22. Prior to the lease, Elmwood Auto assured Mrs. Vanech that the Vanech Vehicle was accompanied by Jeep's Standard New Vehicle Warranty[1] and was free from defects of workmanship. Elmwood Auto additionally assured Mrs. Vanech that the Vanech Vehicle was safe and reliable.

23. On April 1, 2025, with only 28,000 miles, Mrs. Vanech brought the Vanech Vehicle in to a Jeep dealership for a software update. Immediately thereafter, Mrs. Vanech had problems with the Vanech Vehicle as it began to malfunction.

24. On May 16, 2025, Mrs. Vanech brought the Vanech Vehicle back to a Jeep dealership to see if they could diagnose the problem. Subsequently, the Jeep dealership informed Mrs. Vanech that the Vanech Vehicle was undriveable. As a result, the Vanech Vehicle was towed to Elmwood Auto and has been at Elmwood Auto ever since.

25. Elmwood Auto told Mrs. Vanech there was no repair available to correct the Code Defect and kept the Vanech Vehicle after it was towed to the dealership.

26. Since the Vanech Vehicle has been undriveable, Mrs. Vanech was relegated to rental vehicles from May to June 2, 2025 and incurred rental costs as a result.

27. On June 2, 2025, Mrs. Vanech was provided a Jeep loaner vehicle.

28. On July 31, 2025, Tom Sullivan the sales manager at Elmwood Auto told Mrs. Vanech that the Elmwood Auto was going to buy her out of her lease. However, on August 4, 2025 Mrs. Vanech

---

[1] A copy of the New Vehicle Standard Warranty is available at https://www.mopar.com/content/dam/mopar/pdf/warranty/mopar_parts_accessories_warranty_statement.pdf. (last visited October 13, 2025).

4

emailed Mr. Sullivan and told him that she did not want a new Jeep and simply wanted to be bought out of the lease for the 2023 Jeep Grand Cherokee. Mr. Sullivan responded that Mrs. Vanech needed to return the Jeep loaner, get into another rental and fight "Stellantis" on her own. Jay L'Aarchevesque, the owner of the Elmwood Auto, emailed Mrs. Vanech to reinforce Mr. Sullivan's message.

29. On August 14, 2025, Mrs. Vanech, feeling cornered, told Mr. Sullivan that she did not want to give him any more business but wanted this ordeal behind her so if he could give her a fair deal on a new lease, she would move forward with a new Jeep through him but if he could not offer something fair, she would consult a lawyer. Mr. Sullivan told Mrs. Vanech that if she did pursue legal action, it would have nothing to do with him as her grievance was with "Stellantis".

30. Mrs. Vanech attempted to negotiate a new lease with Elmwood Auto. However, Elmwood Auto tried to lease her a Jeep that cost $16,000 less but for $140 a month more in monthly payments.

31. On August 22, 2025, Mrs. Vanech received $900 from "Stellantis" for part of her rental costs. However, her total costs for the rental was $1,438 which means she was forced to cover $538 of her rental costs herself.

32. Additionally, since May 16, 2025, when the Vanech Vehicle was deemed undriveable, Mrs. Vanech has continued to pay the monthly lease payment of $678.60, in order to protect her credit score.

33. On September 3, 2025, after being without the Vanech Vehicle for almost 4 months, Mrs. Vanech made written demand, through counsel, on Elmwood Auto Group, Inc. and Stellantis Financial Services, Inc. for a full refund under the federal Magnuson-Moss Warranty Act. Stellantis Financial Services, Inc. directed Mrs. Vanech's counsel to the manufacturer, FCA US, LLC.

34. On September 11, 2025, Mrs. Vanech, through her counsel, sent another letter but this time addressed to FCA US, LLC and Elmwood Auto Group, Inc. explaining that the Vanech Vehicle had been undriveable and at the Jeep dealer for months and demanding a full refund under the federal Magnuson-Moss Warranty Act.

35. At all relevant times, Mrs. Vanech drove the Vanech Vehicle in a foreseeable manner and in the manner in which it was intended to be used.

36. Upon information and belief, there are at least 24 other 2023 Jeep Grand Cherokee Overland 4x4's in Rhode Island with the same Code Defect.

## FIRST CAUSE OF ACTION
### Breach of Express and Implied Warranties Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq.
### (Against FCA US, LLC and Elmwood Auto Group, Inc.)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

39. FCA US, LLC is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

40. Elmwood Auto Group, Inc. is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

41. The Vanech Vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

42. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

43. 15 U.S.C. § 2304(a)(1) requires FCA US, LLC and Elmwood Auto Group, Inc., as warrantors, to remedy any defect, malfunction or nonconformance of the Vanech Vehicle **within a reasonable time** and without charge to the Plaintiff.

44. Elmwood Auto Group, Inc.'s lease of the defective Vanech Vehicle to Plaintiff, and FCA US, LLC's and Elmwood Auto Group, Inc.'s failure to repair the Vanech Vehicle's Code Defect within a reasonable period of time and/or a reasonable number of attempts, constitutes a breach of the written and implied warranties applicable to the Vehicle.

45. FCA US, LLC's and Elmwood Auto Group, Inc.'s breaches of the written and implied warranties constitute a breach of the Magnusson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.*

46. As a result of FCA US, LLC's and Elmwood Auto Group, Inc.'s breaches of the written and implied warranties, and FCA US, LLC's and Elmwood Auto Group, Inc.'s failure to remedy the same

within a reasonable time, Plaintiff has suffered damages and demands a full refund under 15 U.S.C. §2304(a)(4).

## DEMAND FOR RELIEF

WHEREFORE, on behalf of herself, Plaintiff prays for judgment against FCA US, LLC and Elmwood Auto Group, Inc, jointly and severally, as follows:

a. Awarding Plaintiff a full refund, under 15 U.S.C.A. § 2304(a)(4), for her trade-in allowance and all lease payments related to the Vanech Vehicle;

b. Awarding Plaintiff her additional damages, including all unreimbursed rental fees, related to the loss of the Vanech Vehicle;

c. Awarding Plaintiff her reasonable attorneys' fees and costs under 15 U.S.C.A. § 2310;

d. Awarding Plaintiff pre-judgment and post-judgment interest, as provided by law; and

e. Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 17, 2025    Respectfully submitted,

By her attorneys,

*/s/ Angel Taveras*
_____
Angel Taveras (#5552)
**ADLER POLLOCK & SHEEHAN PC**
One Citizens Plaza, 8th Floor
Providence, RI 02903
Direct: (401) 427-6206
Email: ataveras@apslaw.com

*Counsel for Plaintiff Bethany P. Vanech*